702 A.2d 476

IN THE MATTER OF JACK N. FROST, AN ATTORNEY AT LAW.

November 18, 1997.

## ORDER

The Disciplinary Review Board on April 25, 1997, having filed with the Court its decision in DRB 96–258 and DRB 96–265 concluding that **JACK N. FROST** of **PLAINFIELD,** who was admitted to the bar of this State in 1971, should be reprimanded on the basis of the misconduct found in DRB 96–258, which includes violations of *RPC* 1.5(a)(1), (3), (6), (7) and (8) (reasonableness of fees), *RPC* 1.7a(1), b(1), and c(2) (conflict of interest), *RPC* 3.1 (meritorious claim), *RPC* 3.3(a) and (b) (candor towards a tribunal), *RPC* 3.4 (fairness to opposing party and counsel), *RPC* 4.1(a)(1) (truthfulness in statements to others), *RPC* 5.5(b) (assisting in unauthorized practice of law), *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And the Disciplinary Review Board having further concluded that respondent should be suspended from the practice of law for a period of three months on the basis of the misconduct found in DRB 96–265, which includes violations of *RPC* 3.2 (failure to expedite litigation), *RPC* 3.3(a) and (b) (candor towards a tribunal), *RPC* 3.4 (fairness to opposing counsel), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And the Disciplinary Review Board having considered the reprimand in DRB 96–258 to be subsumed within the three-month suspension in DRB 96–265;

And the Disciplinary Review Board having further concluded that respondent should not be restored to practice until all ethics matters currently pending against him are completed;

And good cause appearing;

It is ORDERED that **JACK N. FROST** is hereby suspended from the practice of law for a period of three months, effective December 10, 1997, and until further Order of the Court; and it is further

ORDERED that no application for reinstatement be made until all ethics proceedings currently pending against respondent are concluded, which proceedings are to be conducted on an expedited basis; and it is further

ORDER that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of his suspension and that he comply with *Rule* 1:20–20; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.